```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SECURITIES AND EXCHANGE            :
COMMISSION,                        :
                      Plaintiff,   :
                                   :           12 Civ. 8886 (LGS)
            -against-              :
                                   :           OPINION AND ORDER
                                   :
                                   :
GUY M. JEAN-PIERRE, a/k/a "Marcelo :
Dominguez de Guerra,"              :
                      Defendant.   :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/09/2015

LORNA G. SCHOFIELD, District Judge:

On December 6, 2012, Plaintiff, the Securities and Exchange Commission, brought this action for violation of the Securities Act and Securities Exchange Act, alleging that Defendant Guy M. Jean-Pierre engaged in a fraudulent scheme to issue attorney opinion letters facilitating the transfer of restricted microcap shares on Pink OTC Markets, Inc. ("Pink Sheets"), "a financial marketplace trading platform that provides price and liquidity information for nearly 10,000 securities." Defendant did not respond to the Complaint and has not filed any appearance in this matter. On December 19, 2013, following Defendant's failure to respond to an order to show cause why a default judgment should not be entered, the matter was referred to Magistrate Judge Henry Pitman for an inquest on damages. On December 3, 2014, Judge Pitman issued a Report and Recommendation (the "Report"), recommending that judgment be entered against Defendant for $62,000 plus prejudgment interest, a civil monetary penalty of $1,425,000 and a lifetime bar against participating in any way in penny stock offerings. No objections to the Report were filed. For the following reasons, the Court adopts the Report in its entirety.

**I.	BACKGROUND**

Findings of fact are set out in greater detail in the Report and summarized here.

Defendant is an attorney who earned his law degree from Columbia Law School in 1985 and was admitted to the bar in New York, California and Florida.  From 1985 through 1990, Defendant worked as a corporate and securities associate at two law firms, and from 1991 through 1995, he worked for the Federal Deposit Insurance Corporation.  From 2004 through 2010, Defendant issued attorney opinion letters to Pink Sheets and to transfer agents, concerning the adequacy of various issuers' publicly filed financial information and the legality of removing restrictive legends from stock certificates.  On April 21, 2010, Pink Sheets found that Defendant had not been conducting the due diligence necessary to write such opinion letters and banned Defendant from issuing further letters.

Within two weeks of the ban, Defendant formed Complete Legal Solutions, LLC ("Complete Legal") with his niece, an attorney licensed to practice law in California and Texas. Under the guise of Complete Legal, between approximately May 2010 and April 2011, Defendant issued at least 124 attorney opinion letters on behalf of at least 19 publicly traded companies, all fraudulently bearing his niece's signature without her knowledge or consent. Defendant's niece was not involved with these opinion letters in any way.  Between May 7 and 11, 2010, Defendant drafted 12 attorney letter agreements for 12 different issuers and submitted them to Pink Sheets, all fraudulently using his niece's signature and containing false statements about due diligence that his niece supposedly had conducted.  On May 7, 2010, Defendant used his niece's signature to submit three attorney opinion letters to Pink Sheets for posting on its website.  Additionally, between May 11, 2010, and April 28, 2011, Defendant sent at least 109 attorney opinion letters to transfer agents that opined that either (1) a restrictive legend should be

removed from a pre-existing stock certificate or (2) a newly issued stock certificate should be issued without a restrictive legend.  These letters again fraudulently used Defendant's niece's signature.

Defendant charged $500 to $750 for issuing each attorney opinion letter, for which his niece never received any compensation.  Defendant stopped issuing the letters after two bar complaints were filed against his niece and a similar bar complaint was filed against Defendant.  Defendant was later disbarred in the state of Florida.

**II.     STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

**III.    DISCUSSION**

The Report recommends that Defendant pay $62,000 in disgorgement, calculated as the amount he received (at least $500) for each of 124 fraudulently created attorney letters.  Additionally, the Report finds that prejudgment interest is warranted on the disgorgement amount.[1]  The Report further recommends a second-tier civil monetary penalty of $75,000 for each of the 19 companies for which Defendant wrote letters, or the sum of $1,425,000.  The

---

[1]     The Report contains what is apparently a typographical error at page 21 where it refers to the disgorgement amount as $61,500.  Prejudgment interest should be calculated on the disgorgement amount of $62,000 up until the date of the entry of judgment.

Report finally recommends that Defendant be permanently enjoined from participating in penny stock offerings.

Having reviewed the Report, to which no objection was made, the Court finds no clear factual or legal error and adopts the Report in its entirety.

## IV.   CONCLUSION

For the reasons stated above, Defendant shall be ordered to pay: (i) $62,000, representing disgorgement; (ii) prejudgment interest on $62,000 at the rate used by the Internal Revenue Service for underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2), from May 1, 2011, up to the date of entry of judgment; and (iii) a civil monetary penalty in the amount of $1,425,000.  Additionally, a lifetime bar against participating in any form in an offering of penny stocks will be enforced against Defendant.

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 9, 2015
       New York, New York

                                       LORNA G. SCHOFIELD
                                   UNITED STATES DISTRICT JUDGE